PER CURIAM.
Defendant appeals his conviction and sentence for escape. Defendant asserts error based upon Fouts v. State, 374 So.2d 22 (Fla.2d DCA 1979), because the jury learned of the underlying crime for which defendant was incarcerated at the time of his escape. There was never any question that defendant did in fact escape. He took the stand and admitted doing so. The defense was that defendant was desperate to see his wife and children. During the defendant’s testimony, there was confusion about the number of crimes for which defendant had been sentenced. In any event, defendant testified he had been sentenced to some twenty years for numerous different crimes. Under these circumstances, *610 there was certainly no prejudice to the defendant when the jury was advised that defendant had been sentenced for the single underlying crime of burglary. On appeal there was no argument asserting prejudice, and we conclude that under the circumstances of this case defendant may have been helped and was certainly not hurt by disclosure of the underlying crime.
Defendant also contends that the trial court erred in the written sentence by failing to give him credit for time served of 154 days to apply to the sentence from which he had escaped. Although the trial judge’s oral pronouncement of sentence was proper, the State concedes the written judgment and sentence provide no credit is to be given for time served. The matter is, therefore, remanded to the trial court with directions to vacate this aspect of the sentence and for correction of this error. Defendant need not be present at the proceedings upon this remand.
AFFIRMED IN PART; REVERSED IN PART.
BERANEK and GLICKSTEIN, JJ., concur.
ANSTEAD, J., concurs specially with opinion.